IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KAREN CAHAIL,

        Plaintiff,

v.                                         Case No. 24-1216-JWB

UNITED STATES OF AMERICA,
COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION, and
SOCIAL SECURITY ADMINISTRATION,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants' motion to dismiss Plaintiff's complaint. (Doc. 6.) The motion is fully briefed and ripe for decision. (Docs. 6, 9, 13, 14.) The motion is GRANTED for the reasons stated herein.

Defendant argues that the court lacks subject matter jurisdiction over Plaintiff's case pursuant to the derivative jurisdiction doctrine. (Doc. 6 a 6.)

The derivative jurisdiction doctrine bars a federal court from exercising subject matter jurisdiction over a case that is removed from state court to federal court when the state court was lacking subject matter jurisdiction. *Gentry-Smith v. Saul*, No. 19-CV-04055-EFM, 2019 WL 6117966, at *1 (D. Kan. Nov. 18, 2019). Under the derivative jurisdiction doctrine, a federal court cannot exercise subject matter jurisdiction even if it could have had the plaintiff initially filed the case in federal court. *See id.* However, Congress in 1986 amended the general removal statute (i.e., 28 U.S.C. § 1441) to preclude the application of the derivative jurisdiction doctrine to § 1441 removals. *See id.* In 2002, Congress amended the removal statute again, clarifying that the

1

restriction of the derivative jurisdiction doctrine only applies to removals made under § 1441. *See id.* Hence, the derivative jurisdiction doctrine will preclude subject matter jurisdiction in cases, for example, where (i) a state court does not have subject matter jurisdiction, and (ii) a defendant removes the case to federal court under 28 U.S.C. § 1442.

Here, Plaintiff filed a civil case in the District Court of Sedgwick County and named the United States of America, the Social Security Administration, and the Commissioner of the Social Security Administration as defendants. Plaintiff asserts that the Social Security Administration improperly charged her for overpayments during January, February, and March of 2018. (Doc. 1-1 ¶ 5). Based on these allegations, Plaintiff is seeking a refund for those overpayments as well as disability payments for April and May of 2018. (Doc. 1-1 at 5.) She alleges that the Social Security Administration violated multiple sections of the Social Security Act. (*See* Doc. 1-1 ¶¶ 22, 23, 25.) Defendants removed the case to federal court pursuant to § 1442(a)(1) because the three Defendants are United States of America, the Social Security Administration, and the Commissioner of the Social Security Administration.[1]

Moreover, Sedgwick County District Court did not have subject matter jurisdiction to hear Plaintiff's case. The Social Security Act grants the Commissioner of the Social Security Administration authority to correct overpayments. *See* 42 U.S.C. § 404(a)(1). And Congress has granted federal courts exclusive jurisdiction to review the Commissioner's final decisions. *See Gentry-Smith* 2019 WL 6117966, at *2 (citing 42 U.S.C. § 405(g), (h)).

THEREFORE, because Defendants removed the case pursuant to § 1442 and Sedgwick County District Court did not have subject matter jurisdiction to hear Plaintiff's case, the derivative jurisdiction doctrine bars this court from exercising subject matter jurisdiction over her case as

---

[1] 42 U.S.C. § 1442(a)(1) authorizes removal to federal court when a civil action is filed against the United States of America, an agency of the United States, or any officer of the United States.

well.  As such, Defendant's motion to dismiss Plaintiff's complaint is GRANTED, and this case is DISMISSED WITHOUT PREJUDICE, and her pending motions are DENIED AS MOOT.

IT IS SO ORDERED.  Dated this 6th day of June, 2025.

s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE

3